**WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP**
GREGORY P. KERR, ESQ.
Nevada Bar No. 10383
JORDAN BUTLER, ESQ.
Nevada Bar No. 010531
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
(702) 341-5200/Fax: (702) 341-5300
gkerr@wrslawyers.com
jbutler@wrslawyers.com

*Attorneys for Mountains Edge Master Association*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A. a national banking association,<br><br>Plaintiff,<br><br>vs.<br><br>SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company; ABSOLUTE COLLECTION SERVICES, LLC, a Nevada limited liability company; MOUNTAINS EDGE MASTER ASSOCIATION; and VIA VALENCIA/VIA ASSOCIATION,<br><br>Defendants. | Case No. 2:16-cv-01677<br><br>**STIPULATION AND ORDER OF DISMISSAL** |

Plaintiff JPMORGAN CHASE BANK, N.A. ("Plaintiff"), and Defendant MOUNTAINS EDGE MASTER ASSOCIATION ("Association") hereby agree and stipulate as follows:

1. This matter concerns real property located at 9875 Maspalomas Street, Las Vegas, Nevada 89178 (the "Property").

2. Plaintiff alleges that it is the beneficiary under a deed of trust recorded on the Property on April 22, 2008, which was assigned by Mortgage Electronic Registration Systems, Inc., to Plaintiff by an assignment recorded against the Property on October 30, 2010.

3. The deed of trust secured a promissory note executed by the former owner of the Property, Gordon Adam, III ("Borrower").

1  4. The Property is subject to both Via Valencia/Via Ventura Homeowners Association ("Via Valencia") and Mountains Edge Master Association ("Mountains Edge") and the recorded declarations of covenants, conditions, and restrictions ("CC&Rs") recorded against the Property. Both CC&Rs required the Borrower to pay regular common expense assessments to each, respectively. Via Valencia is a sub-association within Mountains Edge.

5. It is believed that the Borrower failed to pay common expense assessments due from him to Via Valencia pursuant to its CC&Rs, which are recorded against the Property. Those assessments are secured by a statutory lien on the Property pursuant to NRS 116.3116(1).

6. As a result, Via Valencia allegedly foreclosed its assessment lien on July 17, 2012, where SFR Investments was the purchaser as the winning bidder.

7. Mountains Edge did not foreclose its assessment lien and, as of the date this stipulation is signed by both parties, Mountains Edge represents that the current owner of the Property is not delinquent in any assessments and is otherwise current on all assessments owed by it to Mountains Edge.

8. The Association does not, at this time, have any opposition to any of Plaintiff's positions or causes of action as set forth in its complaint. It is recognized that the causes of action in the complaint are asserted against Via Valencia, SFR Investments, and Absolute Collection Services and not against Mountains Edge.

9. In an effort to save Mountains Edge and the Plaintiff litigation costs, these parties hereby agree to the below stipulated terms.

NOW THEREFORE, it is hereby agreed at stipulated by and between the Plaintiff and Mountains Edge as follows:

It is AGREED that Mountains Edge will not have to file any other responsive pleading in this matter, other than this stipulation and its answer, which has already been filed, and that Mountains Edge will not oppose Plaintiff's efforts to obtain the relief as prayed for in the complaint in this matter. However, it is understood and agreed that the Property will still be subject to Mountains Edge's recorded CC&Rs and assessments and other related charges as provided for in the CC&Rs as those assessments and other charges come due in the future;

It is FURTHER AGREED that Mountains Edge will appropriately participate in and respond to discovery requests served on them during the course of this litigation;

It is FURTHER AGREED that in the event the Plaintiff discovers any basis for re-asserting any of its claims against Mountains Edge in the future as those claims may relate to the foreclosure of the Property, Mountains Edge will not oppose Plaintiff's efforts to amend its Complaint accordingly or to vacate this stipulation;

It is FURTHER AGREED that, in the event Mountains Edge is named as a cross defendant or otherwise has claims asserted against it in this action by any other party or a third party, the terms of this stipulation shall automatically be deemed null and void and all parties, including Mountains Edge and the Plaintiff, may proceed in ordinary course;

It is FURTHER AGREED that as for any claims by Plaintiff against Mountains Edge, the Association will not be subject to any award of damages, court costs, or attorney fees in connection with this matter as long as it complies with this stipulation.

DATED this 11th day of January, 2017          DATED 11th day of January, 2017

BALLARD SPAHR, LLP                            WOLF, RIFKIN, SHAPIRO, SCHULMAN &
                                              RABKIN, LLP

By: _/s/ Justin A. Shiroff_                   By: _/s/ Gregory P. Kerr_
    Justin A. Shiroff, Esq. (No. 12869)           Gregory P. Kerr, Esq. (No. 10383)
    100 North City Parkway, Suite 1750            3556 E. Russell Road, 2nd Floor
    Las Vegas, NV 89106                           Las Vegas, Nevada 89120
    *Attorneys for Plaintiff*                     *Attorneys for Defendant Association*

    IT IS SO ORDERED.

        DATED: January 12, 2017.

                                      UNITED STATES DISTRICT JUDGE

Respectfully submitted by:
WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP

_/s/ Gregory P. Kerr_
GREGORY P. KERR, ESQ.
Nevada Bar No. 10383
*Attorneys for Defendant Association*