UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., | Case No. 2:16-cv-01677-JCM-GWF |
| Plaintiff, | |
| v. | ORDER |
| SFR INVESTMENTS POOL 1, LLC., *et al*., | |
| Defendants. | |

Presently before the court is SFR Investments Pool 1, LLC's ("SFR") motion to certify question of law to the Nevada Supreme Court.  (ECF No. 21).  Plaintiff JPMorgan Chase Bank, N.A. ("JPMorgan") filed a response (ECF No. 32), to which SFR replied (ECF No. 35).

The Nevada Rules of Appellate Procedure provide that the Supreme Court of Nevada has the power to answer "questions of [state] law . . . which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of [Nevada]."  Nev. R. App. P. 5(a).

The Nevada Supreme Court "may answer questions of law certified [] by a federal court when (1) [the] answers to the certified questions may be determinative of part of the federal case, (2) there is no clearly controlling Nevada precedent, and (3) the answers to the certified questions will help settle important questions of law.  *See, e.g.*, *Hartford Fire Ins. Co. v. Tr. of Const. Indus.*, 208 P.3d 884, 888 (Nev. 2009).

Where the question does not impact the merits of a claim pending before the certifying court, the question should not be certified to the Supreme Court.  *See* Nev. R. App. P. 5(a) (requiring that certified question be "determinative"); *see also Volvo Cars of N. Am., Inc. v.*

2

*Ricci*, 137 P.2d 1161, 1164 (Nev. 2006) (declining to answer certified questions where "answers to the questions posed [] would not 'be determinative' of any part of the case"). "The certification procedure is reserved for state law questions that present significant issues, including those with important public policy ramifications, and that have not yet been resolved by the state courts." *Kremen v. Cohen*, 325 F.3d 1035, 1037 (9th Cir. 2003).

Federal courts have discretion to certify questions of state law. *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974). "Resort to certification is not mandatory where state law is unclear on a particular issue." *Carolina Cas. Ins. Co. v. McGhan*, 572 F. Supp. 2d 1222, 1225 (D. Nev. 2008) (citing *Lehman Bros.*, 416 U.S. at 390–91). Generally, "[w]hen a decision turns on applicable state law and the state's highest court has not adjudicated the issue, a federal court must make a reasonable determination of the result the highest state court would reach if it were deciding the case." *Aetna Cas. & Sur. Co. v. Sheft*, 989 F.2d 1105, 1108 (9th Cir. 1993).

Further, a federal court may decline to certify a question where controlling precedent is available for guidance. *Slayman v. FedEx Ground Package Sys., Inc.*, 765 F.3d 1033, 1041 (9th Cir. 2014); *see also Kehoe v. Aurora Loan Servs., LLC*, No. 3:10-cv-256-RCJ-RAM; 2010 WL 4286331, at *11 (D. Nev. Oct. 20, 2010) (declining to certify question to Nevada Supreme Court where statutory language was sufficiently clear for the court to apply).

Finally, a party must show "particularly compelling reasons" for certification when that party first requests it after losing on an issue. *Complaint of McLinn*, 744 F.2d 677, 681 (9th Cir. 1984) ("Ordinarily such a movant should not be allowed a second chance at victory when, as here, the district court employed a reasonable interpretation of state law.").

SFR requests that the court certify the following question to the Nevada Supreme Court: "Whether NRS § 116.31168(1)'s incorporation of NRS § 107.090 requires homeowners' associations to provide notices of default to banks even when a bank does not request notice?" (ECF No. 21).

The court declines to certify this question, as controlling precedent is available for guidance. The Ninth Circuit, in *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016)—which SFR cites to in its motion—expressly answered this exact question

in the negative.  More specifically, the Ninth Circuit held, in relevant part, as follows:

> Bourne Valley argues that Nevada Revised Statute section 116.31168(1), which incorporated section 107.090, mandated actual notice to mortgage lenders whose rights are subordinate to a homeowners' association super priority lien. . . . According to Bourne Valley, this incorporation of section 107.090 means that foreclosing homeowners' associations were required to provide notice to mortgage lenders even absent a request.
>
> . . . .
>
> If section 116.31168(1)'s incorporation of section 107.090 were to have required homeowners' associations to provide notice of default to mortgage lenders even absent a request, section 116.31163 and section 116.31165 would have been meaningless.  We reject Bourne Valley's argument.

*Bourne Valley Court Trust*, 832 F.3d at 1159.

Accordingly, the court will deny SFR's motion to certify this question to the Nevada Supreme Court.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that SFR's motion to certify (ECF No. 21) be, and the same hereby is, DENIED.

DATED THIS 28th day of February, 2017.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE